**Howard RYLES, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 78 C 1887.**

United States District Court, E. D. New York.

Nov. 24, 1981.

---

Howard Ryles, pro se.

Edward R. Korman, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., Marilyn Go, Asst. U. S. Atty., Brooklyn, N. Y., for defendant; Frank V. Smith, III, Acting Regional Atty., and Julia T. Reed, Asst. Regional Atty., Dept. of Health & Human Services, New York City, of counsel.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

Plaintiff *pro se* commenced this action to review a final determination by the defendant Secretary of Health and Human Services denying plaintiff's dual applications for Social Security disability insurance benefits and Supplemental Security Income (SSI). 42 U.S.C. §§ 405(g), 416, 423 and 1382. The Secretary moved for judgment on the pleadings and following receipt of the administrative record, the matter was referred to a United States Magistrate to review the record and report his recommendations to the Court.

The Magistrate has since submitted his report concluding that the Secretary's determination was based on substantial evidence according to the regulations in effect at the time of plaintiff's *de novo* hearing before an administrative law judge (ALJ). Report at 14. The Magistrate nonetheless recommended that the Secretary's motion for judgment on the pleadings be denied and the case remanded to the Secretary for the purpose of establishing a period of disability and payment of disability insurance and/or SSI benefits to plaintiff. Report at 17. That recommendation stems from the Magistrate's view that new regulations adopted by the Secretary, which became effective February 26, 1979, apply to this plaintiff and "mandate a reversal of the Secretary's decision and an award of benefits to the plaintiff." Report at 14. Cited as support for the application of the new regulations are *Vega v. Harris*, 636 F.2d 900 (2d Cir. 1981), and *Parker v. Harris*, 626 F.2d 225, 234 (2d Cir. 1980).

The Magistrate's report is adopted for its statement of the facts since it reflects a fair, thorough and conscientious review of the medical and other evidence submitted to the ALJ. On that evidence the ALJ found that although plaintiff could not return to his former occupation as a porter, his physical ailments were not so severe as to preclude him from performing at least some nine types of specific jobs in the light and sedentary work categories, none of which required more than the usual on-the-job training or any prolonged instruction. Tr. 11.[1] The ALJ, in reaching that conclusion, also noted that plaintiff was approaching advanced age (he was then 52) and had a limited education (nine years of schooling). Tr. 9. The Magistrate, however, based his recommendation for reversal under the new regulations upon plaintiff's present age of 55 and thus erroneously applied the "advanced age" standard of Rules 201.01 and 202.01 of Tables 1 and 2 of Appendix 2, 20 C.F.R., Subpart P, § 404.1501 *et seq.* Plaintiff, having been found capable of performing light work, would not be considered "disabled" under the new standards when applied to his age of 52 at the time the ALJ decided his claim. See Table 2, Rule 202.10, Appendix 2, *supra.*

■ The Magistrate's ultimate recommendation for reversal is also based upon a misapprehension of the Court's power of review under 42 U.S.C. § 405(g). Once the Court has found, as here, that the Secretary's "findings ... as to any fact" are supported by substantial evidence, those findings are conclusive. They become conclusive, moreover, as of the date of the ALJ's decision. See *Miles v. Harris, Secretary of Health and Human Services,* 645 F.2d 122, 124 n.1 (2d Cir. 1981). That date in this case was April 21, 1978, some ten months *prior* to the effective date of the Secretary's revised regulations. See 20 C.F.R., Subpart P, § 404.1501 *et seq.*

■ Neither *Parker* nor *Vega, supra,* authorize the projection of a claim into future years for a further hearing *de novo* when, as here, the facts have been conclusively

found against the claimant. As indicated in *Miles, supra,* if a claimant's physical condition should deteriorate after a claim has been denied, the proper procedure is to reapply for disability benefits based upon the facts as they then exist. A liberal construction of the Social Security Act surely does not require that a claimant be awarded benefits for past periods of time when he failed to meet the requirements of the Act during the critical period.

Accordingly, the Secretary's determination is affirmed and his motion for judgment on the pleadings dismissing the complaint is granted.

SO ORDERED.

---

1. "Tr." reference is to pages of the administrative record.